MARTIN L. LYONS, APPELLEE, v. DONAHUE-RANDALL & COMPANY, APPELLANT.

FILED JANUARY 26, 1922. No. 21871.

1. Commission Merchants: CUSTOM AND USAGE. A commission merchant has the right to rely and act upon custom and usage in selling live stock consigned to him.

2. ———: ———: INSTRUCTIONS. *Held*, it was reversible error for the trial court to give instruction No. 12, disregarding the custom and usage of the defendant commission merchants.

APPEAL from the district court for Douglas county: JAMES T. BEGLEY, JUDGE. *Reversed.*

*Crofoot, Vinsonhaler, Fraser, Connolly & Stryker*, for appellant.

*Raymond T. Coffey* and *F. J. Byrd*, *contra*.

Heard before MORRISSEY, C. J., LETTON, ROSE, DEAN, ALDRICH, DAY and FLANSBURG, JJ.

ALDRICH, J.

This is an action at law to recover damages from Donahue-Randall & Company of Omaha, commission merchants engaged in the selling of live stock for hire.

On the 31st of October, 1918, the plaintiff shipped to defendant 136 head of cattle for sale. They arrived in due course of time in fair condition and were accepted by the defendant as usual for sale. On or about November 1, 1918, the defendant firm notified the plaintiff that the cattle had been sold, but it was afterwards ascertained that this was a mistake and plaintiff was then notified. The cattle had not been sold. The plaintiff immediately notified Randall, a member of the defendant firm, that he wanted the cattle sold at once. It appears of record that the defendant had an offer of $7.75 a hundredweight before these cattle had opportunity to have any drink and feed whatever. This offer was respectfully refused.

It may be stated here that it is contrary to custom and general usage of the stock-yards to sell live stock without an opportunity to water and feed them.

This commission merchant into whose hands these cattle had been consigned, and in whose possession and care they were, received no proper offer, as he thought, and so called plaintiff on the telephone and notified him that the market had slumped, and that he could not afford to have these cattle sold on such a market, and that they ought to be sent over to Ralston to be fed up until such time as the market got better, to which the plaintiff replied that he should use his best judgment. But plaintiff also in course of this discussion insisted that the

Lyons v. Donahue-Randall & Co.

cattle be sold, that it was not the first time that he had taken a loss and that it probably was not the last. The defendant went ahead, using his best judgment, as he supposed, and shipped the cattle to Ralston and ran up a bill of about $1,200 for the care and feed of these cattle. Later defendant had the cattle brought back to Omaha and sold them for considerably less than the original offer.

There is a square conflict between the testimony of the plaintiff and the defendant Randall on the important facts. In this it is evident that the jury believed the plaintiff and it is not for us to disturb that finding.

It does not anywhere appear in the record that defendant paid for two cattle for which it failed to account. This, of course, should be paid.

In our opinion there was reversible error in the court's instruction No. 12, given on its own motion. Among other things, it permitted the jury to assess damages "sustained by reason of the negligence or gross carelessness of defendant, if any, in failing to accept bids or sell said cattle on the market when received." The record shows there was no negligence in refusing to sell the cattle when received, that the offer refused was to buy the cattle before they had been fed and watered.

As we have before indicated, it is the custom and usage of the commission merchants to feed and water live stock before selling to offset to some extent the shrinkage caused by shipping. The defendant had the right to and should use its best judgment in making a sale and in refusing the offer made, and in so doing it acted according to the custom and usage of the business and exercised sound judgment. In view of this discussion, we are of the opinion that instruction No. 12, as given, was reversible error.

The cause is reversed and remanded.

REVERSED.